**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Lena M. Lima De Armas, personally and on behalf of minor ARL,<br><br>Plaintiffs,<br><br>v.<br><br>Department of Education of Puerto Rico, and the Commonwealth of Puerto Rico,<br><br>Defendants. | Case No. 26-cv-1255<br><br><br><br>Attorney's Fees and Costs pursuant to<br>20 U.S.C. § 1415(i)(3)(B) |

**VERIFIED COMPLAINT**

**TO THE HONORABLE COURT:**

**NOW COME** plaintiffs, through their undersigned attorney, and very respectfully state, allege and pray as follows:

**INTRODUCTION**

1.   This action is brought by Mrs. Lena M. Lima De Armas, both personally and on behalf of her minor son, ARL, to recover attorney's fees and costs.

2.   ARL is a child with disabilities, pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 et seq.

3.   This action arises under section 1415(i)(3)(B) of the IDEA which provides that a federal district court can award attorneys' fees to the parents or guardian of a child with a

Verified Complaint
Case No. 26-cv-1255

disability who is a prevailing party in an administrative proceeding. See 20 U.S.C. § 1415(i)(3)(B)(i)(I). See also 34 C.F.R. § 300.517(a)(1)(i) (2010).

<h2 style="text-align:center">JURISDICTION AND VENUE</h2>

4.  Jurisdiction is conferred on this Court by 20 U.S.C. §§ 1415 (i)(2)(A) and (i)(3)(A); 28 U.S.C. §§ 1331, 1343 (a)(4), 2201 and 1441; 20 U.S.C. § 1415. See also 34 C.F.R. § 300.516 (2010).

5.  Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 as the events giving rise to this claim occurred in this district, and all parties are residents of Puerto Rico.

<h2 style="text-align:center">PARTIES</h2>

6.  Plaintiff Mrs. Lena M. Lima De Armas is the mother and legal custodian of minor ARL. See **Exhibit #1**, Unsworn Statement under Penalty of Perjury signed by Lena M. Lima De Armas on April 21, 2026.

7.  Plaintiff ARL is a five-year-old student diagnosed with level 1 autism spectrum disorder, attention deficit hyperactivity disorder, dysphagia, and additional conditions that require specialized instruction and related services to access a free appropriate public education (FAPE).

8.  ARL resides with his parents and sister in the Municipality of San Germán, Puerto Rico, with the following postal

Verified Complaint
Case No. 26-cv-1255

address: Urb. Paseos del Valle, #43 Calle Horizonte, San Germán, P.R. 00683.

9.   ARL is duly registered with the Department of Education of Puerto Rico ("PRDOE") as a child with disabilities with registration number 35382220 and is registered in the PRDOE's Cabo Rojo District, Mayagüez Region.

10.  As a child with disabilities, ARL is qualified by federal and state law to participate in the academic and related services program of the public education system administered by the PRDOE.

11.  Plaintiffs respectfully request that this Honorable Court order defendants to pay the attorney's fees and costs to which they are entitled as prevailing parties in administrative due process case number QEE-2526-18-07-00052, as well as those incurred in prosecuting the instant action.

12.  The Department of Education of Puerto Rico is the agency of the Commonwealth of Puerto Rico responsible for providing and administering the public education system in the Commonwealth of Puerto Rico.

13.  As a recipient of federal funding under the IDEA, the PRDOE is responsible for providing a free appropriate public education suited to the individual needs of minor ARL, a child with disabilities.

3

Verified Complaint
Case No. 26-cv-1255

14. The physical address of the PRDOE is Urbanización Industrial Tres Monjitas, Avenida Federico Costas, Equina Calaf, Hato Rey, Puerto Rico, 00919, and the postal address is P.O. Box 190759, San Juan, P.R. 00917.

15. The Commonwealth of Puerto Rico is included as co-defendant due to the Department of Education of Puerto Rico's lack of capacity to sue and be sued.

16. The Commonwealth is represented by the Puerto Rico Department of Justice, whose physical address is 677 Teniente César González Street, Jesús T. Piñero Avenue Corner, San Juan, P.R., 00918, and postal address is P.O. Box 9020192, San Juan, P.R. 00902-0192.

## STATEMENT OF THE CASE

17. On July 9, 2025, plaintiffs filed administrative due process complaint number QEE-2526-18-07-00052, asserting that the PRDOE had failed to provide ARL with a free appropriate public education (FAPE) for the 2024-2025 and 2025-2026 school years.

18. Plaintiffs requested an order mandating the development of an IDEA-compliant Individualized Education Program (IEP) for the 2025-2026 school year, private placement at public cost in Mayagüez Academy private school, an individual teaching assistant (a/k/a T-1 assistant), multiple special education related

4

Verified Complaint
Case No. 26-cv-1255

services, compensatory services, and a certified copy of ARL's academic record.

19. The case was presided by hearing officer Wilmarie Santoni Cruz, Esq.

20. On the eve of the commencement of the administrative trial set for August 27, 2025, the PRDOE reversed course and informed plaintiffs and the ALJ that it needed extra time to conduct a formal consultation process to determine whether it would approve ARL's private placement at public cost without the need of the trial.

21. Due to the PRDOE's failure to conclude the formal consultation process within the agreed upon deadlines, and as ordered by the ALJ, an administrative hearing for evaluating the adequacy of the private placement proposed by plaintiffs in the Mayagüez Academy private school was held on September 22, 2025.

22. On October 8, 2025, the hearing officer issued a Final Resolution and Order granting the administrative due process complaint, and directing the PRDOE to pay for ARL's private placement at Mayagüez Academy private school for the entire 2025-2026 school year, including an individual teaching assistant, aquatic therapy service, and approving the parties partial settlement agreement as to the other causes of action brought in

Verified Complaint
Case No. 26-cv-1255

the administrative due process complaint.

23. Defendants are liable for payment of attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B), because plaintiffs achieved a material alteration of the legal relationship between minor ARL and the PRDOE by securing the special education services and related relief sought in administrative due process complaint number QEE-2526-18-07-00052.

24. The remedies obtained by plaintiffs were formally granted and incorporated in the Final Resolution and Order issued by the administrative hearing officer on October 8, 2025.

25. The Final Resolution and Order issued by ALJ Santoni on October 8, 2025 was not appealed by the PRDOE and is final.

26. Pursuant to 20 U.S.C. § 1415(i)(3)(B), plaintiffs are entitled to recover the reasonable attorney's fees and costs incurred in the administrative proceeding, together with all additional fees and costs incurred in connection with this litigation.

## CAUSE OF ACTION

27. Plaintiffs re-allege and incorporate paragraphs 1 through 26 of this Verified Complaint.

28. IDEA's section 1415(i)(3)(B) provides that a federal district court can award attorney's fees and costs to the parents

6

Verified Complaint
Case No. 26-cv-1255

or guardian of a child with a disability who is a prevailing party in an administrative or judicial proceeding. See also 34 C.F.R. § 300.517(a)(1)(i).

29. As prevailing parties, plaintiffs are entitled to recover reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I).

30. Plaintiffs therefore seek an award of attorney's fees and costs incurred in connection with administrative case number QEE-2526-18-07-00052, together with all additional fees and costs incurred in the prosecution of this action until its final resolution.

31. Attached to this Verified Complaint as Exhibit 2 is a detailed invoice reflecting the legal services rendered by plaintiffs' counsel to date in administrative case number QEE-2526-18-07-00052, as well as in the preparation and filing of the instant complaint. See **Exhibit 2**, invoice number 16573.

32. All costs and time entries itemized in Exhibit 2 were necessarily incurred in preparing for and successfully prosecuting administrative case QEE-2526-18-07-00052, as well as in the initiation of this civil action.

33. The hourly rate charged for the services provided by the undersigned attorney is $175.00 per hour, charged in increments of

7

Verified Complaint
Case No. 26-cv-1255

one tenth of an hour (.10).

34.  The undersigned current $175.00 hourly rate was deemed reasonable by this Honorable Court for special education litigation in Puerto Rico in Vélez-Pellot v. Dep't of Educ. of Puerto Rico, Case No. 25-cv-1151 (PAD) (D.P.R. September 30, 2025) at 8.

35.  The undersigned attorney's previous hourly rate of $150.00 was established in the early 2010s and consistently upheld by this Honorable Court as reasonable and appropriate for special education litigation in Puerto Rico throughout the past decade. See Guerrero-Poche v. Dep't of Educ. of Puerto Rico, No. 16-2426, 2017 U.S. Dist. LEXIS 67636, 2017 WL 1653268 (D.P.R. May 2, 2017); Ortiz-Cardona v. Dep't of Educ. of Puerto Rico, No. 15-3121, 2017 U.S. Dist. LEXIS 72501 (D.P.R. March 24, 2017); Santoni-Marzán v. Dep't of Educ. of Puerto Rico, No. 16-2168 (D.P.R. October 3, 2016)(ECF No. 19)(Domínguez, J.); Pérez-Ortiz v. Dep't of Educ. of Puerto Rico, No. 16-2424 (D.P.R. September 14, 2016)(ECF No. 17)(Gelpí, J.).

36.  The undersigned attorney is a sole practitioner with twenty-two years of experience actively litigating civil cases in federal and state courts.

37.  In May of 2000, the undersigned obtained a Bachelor of

8

Verified Complaint
Case No. 26-cv-1255

Science in Business Administration degree with majors in finance and Management, as well as a minor in economics, with honors, from the University of Florida, Warrington College of Business Administration in Gainesville, Florida.

38.   The undersigned then obtained a *juris doctor* degree, with *cum laude* honors, from the University of Puerto Rico, School of Law, in June of 2003.

39.   The undersigned was admitted to the Puerto Rico Bar shortly after graduating from law school, achieving a 97-percentile result in the bar exam, and was sworn in by the Puerto Rico Supreme Court on January 26, 2004 (Bar No. 14,860).

40.   On March 11, 2004, the undersigned was authorized to practice as a notary public in the Commonwealth of Puerto Rico.

41.   The undersigned was admitted to practice before this District Court on June 25, 2004 (Bar No. 221714), and before the U.S. Court of Appeals for the First Circuit on September 13, 2004 (Bar No. 100945).

42.   Since 2004, the undersigned has actively litigated cases in federal and state courts.

43.   As of this date, the undersigned serves as counsel in multiple reported cases before this District Court and the First Circuit. See, e.g., Lloyd's of London v. Pagán-Sánchez, 539 F.3d

9

Verified Complaint
Case No. 26-cv-1255

19, 2008 A.M.C. 1990 (1st Cir. 2008); Vázquez-Carmona v. Department of Education of P.R., 255 F. Supp. 3d 298 (D.P.R. 2017); Arroyo-Delgado v. Department of Education of P.R., 199 F. Supp. 3d 548 (D.P.R. 2016); Torres-Serrant v. Department of Education of P.R., 100 F. Supp. 3d 138 (D.P.R. 2015); Concepción-Torres v. Commonwealth of P.R., 45 F. Supp. 3d 170 (D.P.R. 2014); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Sylva v. Culebra Dive Shop, 389 F. Supp. 2d 189, 2005 A.M.C. 2344 (D.P.R. 2005). See also unpublished opinions available in the LexisNexis database such as Pinzón-Bilbrault v. Commonwealth of P.R., Civil No. 10-1630 (SEC), 2011 U.S. Dist. Lexis 72698 (D.P.R. July 6, 2011); Díaz-Báez v. Alicea-Vasallo, Civil No. 10-1570 (JAG), 2011 U.S. Dist. Lexis 39225 (D.P.R. March 31, 2011); Oliver v. Kmart Corp., Civil No. 08-1660, 2009 U.S. Dist. Lexis 21473 (D.P.R. March 13, 2009); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2011 PR App. Lexis 3259 (P.R. Ct. App. December 12, 2011); Rosado-Mojica v. Diagnostic Imaging Center, Case No. KLAN 2011-01386, 2011 PR App. Lexis 3600 (P.R. Ct. App. November 30, 2011); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2010 PR App. Lexis 4827 (P.R. Ct. App. November 16, 2010); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLAN 2007-00265, 2008 PR App. Lexis 1913 (P.R. Ct. App.

Verified Complaint
Case No. 26-cv-1255

May 27, 2008); Popular Auto v. Vélez-Báez, Case No. KLCE 2006-01111, 2006 PR App. Lexis 3107 (P.R. Ct. App. November 30, 2006); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-00767, 2006 PR App. Lexis 1865 (P.R. Ct. App. August 25, 2006); Ayala-Rivera v. Banco Popular de P.R., Case No. KLCE 2005-00933, 2005 PR App. Lexis 2964 (P.R. Ct. App. September 26, 2005); Simons-Burgos v. Banco Popular de P.R., Case No. KLCE 2005-00074, 2005 PR App. Lexis 00721 (P.R. Ct. App. March 28, 2005); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-01007, 2004 PR App. Lexis 1789 (P.R. Ct. App. October 13, 2004); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-00572, 2004 PR App. Lexis 0781 (P.R. Ct. App. May 24, 2004).

44. For seventeen years, counsel for the appearing parties has effectively represented clients in hundreds of special education cases before administrative forums across the Island, as well as in local and federal courts. See, e.g., Rojas-Mercado v. PRDOE, 2008-014-011, 2010-014-001; Delgado-López v. PRDOE, 2009-098-022, 2011-098-003, 2011-098-017; Mercado-Nieves v. Commonwealth of P.R., KPE 2010-1188 (907), KPE 2010-2188 (907), 10-1737 (JP/JAF); López-Lamboy v. Commonwealth of P.R., 10-1316 (FAB)(JA); Román-Hernández v. PRDOE, 2010-032-002, 2010-032-005;

11

Verified Complaint
Case No. 26-cv-1255

Candelaria-Agrón v. Commonwealth of P.R., KPE 2010-1737 (907); Vázquez-Padilla v. Commonwealth of P.R., 10-1966 (FAB); Santa-López v. PRDOE, 2010-021-011; Santa-Rodríguez v. Commonwealth of P.R., 11-1086 (SEC); García-García v. PRDOE, 2009-09-042, 2010-69-058; García-Mejías v. Commonwealth of P.R., KPE 2010-2964 (907), KPE 2010-4452 (907), 11-1247 (JAG)(BJM); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Oliveras-Rivera v. Commonwealth of P.R., KPE 2010-3332 (907), KPE 2010-3333 (904), 10-2218 (GAG); López-Castro v. Commonwealth of P.R., KPE 2010-4828 (904), 11-1299 (DRD).

45. Plaintiffs' counsel has litigated three IDEA cases before this District Court that resulted in published opinions. See Torres-Serrant v. Department of Education of P.R., 100 F. Supp. 3d 138 (D.P.R. 2015); Concepción-Torres v. Commonwealth of P.R., 45 F. Supp. 3d 338 (D.P.R. 2014); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011).

46. Considering the undersigned attorney's educational background, extensive litigation experience, and specialized practice in the field of special education law, as well as the present inflationary period and the increased costs of living and operating a law practice in Puerto Rico, an hourly rate of $175.00 is reasonable and should be approved by this Honorable Court.

Verified Complaint
Case No. 26-cv-1255

47.   Plaintiffs' counsel's hourly rate of $175.00 falls within the prevailing market range for attorneys in Puerto Rico's legal community who handle specialized matters such as the case at bar.

48.   Since the early 2000s, this District Court has ordered—and the Department of Education has accepted—hourly rates of $200.00 or higher in cases like the one at hand. See, e.g., Zayas v. Commonwealth of Puerto Rico, 451 F. Supp. 2d 310, 315-16 (D.P.R. 2006). See also Gonzalez v. P.R. Dept. of Education, 1 F. Supp. 2d 111, 115 (D.P.R. 1998) (holding a $135.00 hourly rate reasonable for a less experienced Puerto Rico attorney almost thirty years ago).

49.   The undersigned counsel's hourly rate of $175.00, billed in one-tenth (.10) hour increments, is reasonable considering counsel's extensive experience and established track record of success in federal and state special education litigation.

### PRAYER FOR RELIEF

**WHEREFORE,** plaintiffs respectfully request that this Honorable Court enter judgment in their favor, holding defendants liable for the payment of attorney's fees and costs incurred in administrative due process case number QEE-2526-18-07-00052, together with all additional fees and costs incurred in the

13

Verified Complaint
Case No. 26-cv-1255

prosecution of this action through its final resolution, and granting such other and further relief as this Court deems just and proper.

       **RESPECTFULLY SUBMITTED.**

       In San Juan, Puerto Rico, this 30th day of April 2026.

*s/ Francisco J. Vizcarrondo Torres*
Francisco J. Vizcarrondo-Torres
USDC No. 221714
PO Box 270302
San Juan, P.R. 00928-3102
Tel: 787-296-9521
fvizcarrondo@fjvtlaw.com
www.fjvtlaw.com

14